**IN THE COURT OF APPEALS OF IOWA**

No. 15-1869
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL AARON DUTCHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Ida County, Patrick H. Tott, Judge.


        Michael Dutcher appeals from the sentence entered upon his conviction for first-degree robbery.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.



        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Michael Dutcher appeals from the sentence entered upon his conviction for first-degree robbery. The sentencing court "considered multiple factors in analyzing the situation," including "the defendant's age and circumstances of his upbringing [and] the nature of the offense committed." It also considered "the victim impact statements," which it believed were "heartfelt" and reflected the bank employees' personal experiences "both during the incident, shortly after the incident, and to this date." It acknowledged the tragic events in Dutcher's life, "especially involving the death of [his] parents." The sentencing court ultimately decided to impose a sentence to be served consecutively to a robbery sentence from Woodbury County.

On appeal Dutcher contends trial counsel was ineffective for failing to provide evidence to support his request for concurrent sentences. Dutcher states, "It was not enough for counsel to argue that defendant was mentally immature and had lived a devastating upbringing, or lack thereof." He argues trial counsel should have presented expert testimony about brain development in persons like twenty-one-year-old Dutcher and his potential for rehabilitation.

Because this record is barren of any indication such expert evidence is available or applicable, we preserve Dutcher's claim for possible postconviction proceedings. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) ("In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing."). We affirm.

**AFFIRMED.**